STATE v. JOHN D. BLAKE.[1]

April 18, 1902.

Nos. 13,026—(28).

### City of Minneapolis—Change of Grade of Street.

By the charter of the city of Minneapolis authority is given to the common council to change the grade of a street, after it has once been established, by two-thirds vote of its members, the damages caused to property owners thereby to be awarded, and the amount of such damages to be assessed upon benefited lands and property by commissioners. It is also provided that no omission, informality, or irregularity in, or preliminary to, the making of any special assessment shall affect the validity of the same, and that no variance from the directions, contained in chapter 10, § 16, as to the form or manner of any of the proceedings, where the assessment roll has been adopted by the council, shall be held material unless it be clearly shown that the party objecting was materially injured thereby.

### Assessment by Commissioners—Validity.

In the case at bar it stands admitted that in changing the grade on Central avenue, in said city, at two points thereon, preparatory to constructing two bridges, and the necessary approaches thereto over certain railroad crossings, all of the steps preliminary to the assessment of

[1] Reported in 90 N. W. 5.

damages and award of benefits were independent, regular, and complete; but, as a matter of fact, only one report was made to the council by the commissioners, who were the same persons in both instances, and but one award of benefits and assessment of damages was filed in said report. The identity of each award and assessment was maintained by means of separate numbering for each proceeding. The assessment roll was thereafter adopted by the council. *Held*, that this informality, irregularity, or variance in the proceedings of a single report, instead of two, did not affect this objector's rights or injure him in any manner, and did not affect the validity of the special assessments of which he complains.

In proceedings in the district court for Hennepin county to enforce payment of taxes delinquent upon real estate for the year 1895, John D. Blake interposed an answer. The case was tried before Harrison, J., who found in favor of plaintiff, and upon application of defendant certified to the supreme court certain questions for its determination. Affirmed, and remanded for further proceedings.

*W. B. Douglas*, Attorney General, *F. H. Boardman*, County Attorney, and *Frank Healy*, City Attorney, for plaintiff.

*Charles M. Drew*, for defendant.

COLLINS, J.

This is a tax case, arising in Minneapolis, certified up under the provisions of G. S. 1894, § 1589, the court below certifying, as required by such section, that the points set out in its statement of facts "are of great public importance or likely to arise frequently." We cannot agree to this, for most of the points or questions certified are of no public importance, are not likely to arise frequently or otherwise, and are not of the character contemplated or comprehended by section 1589. As to several the statute is unambiguous, and as to others all controversy has been foreclosed by numerous decisions of this court. More than this, as stated by counsel for the state, every conceivable error, omission, or inaccuracy in the proceedings has been urged against their validity, and the propositions, objections, and points relied on so often iterated and reiterated, modified and subdivided, that their real merits are not easily found or understood.

Of the questions on which the court below and this court have

been catechised there is but one which needs consideration, and that arises from the fact that in 1895 the city council, by ordinance, duly changed the grade on Central avenue at two points thereon, preparatory to constructing two bridges and necessary approaches thereto over certain railroad crossings on said avenue, and the assessments for benefits arising out of such change of grade compose part of the taxes in question.

In instituting and carrying out to completion the proceedings for awarding damages and assessing benefits there were two separate proceedings instituted at the same time, numbered, respectively, 19 and 24, except that but one report to the council was made by the commissioners who were the same persons in both instances, and also but one list or award of benefits and assessment of damages was filed in said report. The identity of each proceeding was maintained in the award, assessment, and report by means of the numbers. In the final motions adopted by the city council appropriating and setting aside money to pay the damages awarded to the owners of permanent buildings the proceedings were kept separate and distinct. It stands admitted by counsel for the objector, Blake, that in each case all of the steps preliminary to the assessment of damages and award of benefits were regular and complete, but his objection is that the proceedings were united in the award and assessment.

Under the provisions of chapter 8 of the city charter authority is given to the council to establish the grade of any street, and, by a two-thirds vote of its members, to change the grade after it has been established. Commissioners may be appointed, in case of a change of grade, to appraise the damages to property owners thereby injured, and to assess the amount thereof upon lands and property to be benefited by the change, in proportion to the benefits accruing to or to be received by each parcel and without regard to its cash valuation. By section 2 of said chapter it is provided that the council may confirm the assessment, and from the award and assessment as confirmed there shall be no appeal. In chapter 10, § 16, it is further provided that no omission, informality, or irregularity in, or preliminary to, the making of any special assessment shall affect the validity of the same, where the

assessment roll has been adopted by the city council, and, further, that no variance from the directions in the section contained, as to the form or manner of any of the proceedings, shall be held material unless it be clearly shown that the party objecting was materially injured thereby.

The roll had been adopted here, and there was no showing, nor attempt to show, at the trial, that this objector was materially injured by the variance of which he complains. There is no claim that he was injured because two distinct and separate reports were not filed, or because the proceeding numbered 19 and that numbered 24 were not submitted to the council in two papers instead of one. At most, this was an informality, irregularity, or variance in the proceedings which did not affect this objector's rights or injure him in any manner. The assessment of which he complains would have been the same if the assessments, awards, or reports had been made exactly as his counsel claims, and it must follow that he was not materially injured by the fact that they were combined.

We answer the questions numbered six, seven, and eight in the second subdivision of the return, under the heading "Change of Grade," in the affirmative.

The court below is sustained in its conclusions, and the case remanded for further proceedings.